UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: _____ |
| | ) | |
| | ) | JUDGE: _____ |
| | ) | |
| Plaintiff, | ) | **CIVIL COMPLAINT:** |
| | ) | |
| -vs.- | ) | 1.　**BREACH OF SETTLEMENT** |
| | ) | 　　**AGREEMENT** |
| SHYAM RADHEY INC. | ) | |
| | ) | 2.　**SPECIFIC PERFORMANCE** |
| | ) | |
| Defendant. | ) | 3.　**BREACH OF CONTRACT** |
| | ) | |
| | ) | |

NOW COMES Plaintiff, Spencer Neal ("Neal"), by and through counsel, Colin G. Meeker of Blakemore, Meeker & Bowler Co., L.P.A., and for his Complaint against Shyam Radhey Inc. ("Shyam"), Defendant herein, as follows:

**I. The Parties, Jurisdiction & Venue**

1. Neal is a citizen of the State of Ohio for purpose of determining diversity, he resides at 620 Deering Drive, Akron, Ohio 44313.

2. Shyam is a Michigan corporation; with its principal place of business at 5597 S. 9th Street, Kalamazoo, MI 49009; Shyam is a citizen of the State of Michigan for purpose of determining diversity.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between plaintiff Neal and defendant Shyam.

4. Venue is proper because defendant is located within this judicial district.

5. The amount in controversy exceeds $75,000.00.

## II. Statement of Operative Facts

*The Agreement*

6. On September 27, 2022, Neal, filed a Complaint in the United States District Court for the Western District of Michigan against Shyam; the case was captioned as *Spencer Neal v. Shyam Radhey,* case number 1:22-cv-00896.

7. Neal's Complaint alleged that there were structural barriers existing at Shyam's property, the Sleep Inn & Suites hotel located at 5597 S. 9th Street, Kalamazoo, Michigan 49009 ("the Property"), that constituted violations of Title III of the Americans with Disabilities Act ("ADA").

8. As a result of the federal accessibility lawsuit, Neal engaged in negotiations with Shyam.

9. These negotiations resulted in a Settlement Agreement and Release ("the Agreement"), in which Shyam, among other things, was to remediate certain barriers to access at the Property. **See Plaintiff's Exhibit 1, Settlement Agreement and Release. See also Plaintiff's Exhibit 2, Advanced Access, LLC Site Accessibility Evaluation, dated February 13, 2023.**

10. Pursuant to the Agreement, an enforceable settlement was reached as of May 16, 2023.

11. Neal executed the Agreement on May 16, 2023.

12. Shyam's representative executed the Agreement on May 16, 2023.

13. All accessibility remediations required by the Agreement were to be completed by May 16, 2025.

14. Paragraph 6 of the Agreement reads, in part, as follows:

> Shyam agrees to make the following modifications to bring certain conditions ("Mortland Finding") into compliance with the 2010 ADAAG within two years of execution of this Agreement:
>
> Mortland Finding Numbers:
> 1, 6, 7, 11, 12, 13, 15, 16, 18, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33 (2010 ADAS 308.3), 34, 35, 36, 37, 39, 40, 41, 42, 43, 44 (2010 ADAS 308.3), 45, 46,

2

47, 49, 51, 52, 53, 54, 55, 57, 59, 60, 61, 64, 65, 66, 67, 68, 69, 70, 75, 76, 77, 78, 79, 80, 84, 85, 86, 87, 88, 89, 90, 92, 94, 97, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, and 110.

\*\*\*

In addition, guestroom 328 was occupied during Neal's inspection of the premises. Shyam agrees that for any condition in guestroom 328 which violate either the 1991 ADAS or 2010 ADAS, that it will remediate said barrier within two years of execution of this agreement.

15. Paragraph 2 of the Agreement explicitly directed Shyam to "notify Neal's counsel, on or before May 16, 2025, when all alterations, modifications and policies are completed."

16. In exchange for the above remediations and a monetary payment for attorney fees, etc., Neal agreed to a full and final release of his claim against Shyam and the litigation was dismissed with prejudice.

*The Aftermath*

17. On or after May 16, 2025, Shyam failed to notify Neal or his counsel that all alterations, modifications and policies were completed.

18. Having received no notice of completion, Neal revisited the site on August 18, 2025.

19. Neal's investigation, which included only one accessible guestroom and some public use areas, discerned that the following Mortland Findings were still deficient.

Mortland Finding Numbers:

1, 6, 7, 11, 12, 13, 15, 16, 18, 37, 39, 40, 41, 42, 43, 44, 45, 46, 84, 85, and 92.

20. Consistent with Shyam's failure to remediate the above Mortland Findings, and upon information and belief, Neal alleges that the following Mortland Findings were not remediated in accordance with the 2010 Americas with Disabilities Act Accessibility

Guidelines and the parties' Agreement:

Mortland Finding Numbers:

21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 49, 51, 52, 53, 54, 55, 57, 59, 60, 61, 64, 65, 66, 67, 68, 69, 70, 75, 76, 77, 78, 79, 80, 86, 87, 88, 89, 90, 94, 97, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, and 110.

### III. Causes of Action

### Count 1: Breach of Settlement Agreement

21. Neal restates and realleges the allegations contained in Paragraphs 1 through 20 with the same force and effect as if fully rewritten herein.

22. The express terms of the Agreement are straightforward and are not in dispute. Settlement agreements are contractual in nature and, as such, basic principles of contract law apply.

23. There was a valid offer, acceptance, and a meeting of the minds between the parties, and therefore, there is a valid settlement agreement between the parties, Neal and Shyam.

24.  A meeting of the minds as to the essential terms of the contract is a requirement to enter into a contract.

25. Here, the Agreement's remediation requirements were essential terms agreed upon by the parties.

26. At all times, Neal complied with all material terms of the parties' agreement.

27. Shyam breached the Agreement by failing to timely make remediations to the barriers to access as identified in the Agreement.

28. As a direct and proximate result of Shyam's breach, Neal has incurred damages according to proof at trial.

### Count II: Declaratory Judgment & Specific Performance

29. Neal restates and realleges the allegations contained in Paragraphs 1 through 28, with the same force and effect as if fully rewritten herein.

30. Neal requests that this Court enter such orders to enforce the Agreement, including having Shyam remediate all the previously agreed upon barriers to access in accordance with the 2010 Americans with Disability Act Accessibility Guidelines and for all such other orders as may be necessary to effectuate the settlement.

31. Pursuant to Michigan Court Rule 2.605, Neal is entitled to a declaratory judgment and all necessary orders by this Court declaring that Shyam has materially breached the Agreement and is liable for the immediate payment of an award of reasonable attorney's fees and an award of costs incurred herein.

### Count III: Breach of Contract

32. Neal, restates and realleges the allegations contained in Paragraphs 1 through 31, with the same force and effect as if fully rewritten herein.

33. The express terms and conditions of the Agreement contractually obligated Shyam to remediate all barriers identified in the Agreement by May 16, 2025.

34. A settlement agreement is an enforceable contract resolving a legal dispute by preventing or ending litigation; a contract is generally defined as a promise, or a set of promises, actionable upon breach. In order to be enforceable, a contract must have an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration; there also must be a meeting of the minds as to the essential terms of the contract.

35. This Court has full authority to enforce settlement agreements that have been voluntarily entered into by the parties.

36. The parties, Neal and Shyam, entered into a valid and enforceable settlement agreement, which included an offer, acceptance, contractual capacity, consideration (bargained for legal benefit and/or detriment), a manifestation of mutual assent, and legality of object and of consideration.

37. Shyam's unjustifiable and improper refusal to remediate all barriers identified in the Agreement constitutes a breach of contract.

38. As a consequence of Shyam's breach of contract, SHYAM is contractually liable to Neal for attorneys' fees, costs, and expert fees, all of which Neal has incurred.

### IV: Relief Requested

**WHEREFORE,** Plaintiff, Spencer Neal, demands the following relief:

A. An Order requiring Defendant, Shyam Radhey Inc., to remediate all barriers identified in the Agreement;

B. Judgment in an amount to be determined at trial against the Defendant, Shyam Radhey Inc., plus pre-judgment interest, post-judgment interest on that amount;

C. An award of reasonable attorney's fees;

D. An award of costs and expenses incurred herein;

E. Such further additional relief, whether legal, equitable and/or declaratory, which this Court may deem to be proper and just.

Respectfully submitted,

**/s/ *Colin G. Meeker***
COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
*Counsel for Plaintiff, Spencer Neal*